**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RENE ORLANDO LOPEZ** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-6302** |
| **SOUTHERN ARCH, LLC, et al.** | **SECTION: "G"(1)** |

## ORDER

Pending before the Court is Defendants Southern Arch, LLC ("Southern Arch") and Gary Hess's (collectively, "Defendants") "Motion to Enforce Release Agreement and Rule 12(b)(6)/Rule 12(c) Motion to Dismiss."[1] Having considered the motion, the memoranda in support and in opposition, the applicable law, and the record, the Court will deny the motion.

## I. Background

The instant lawsuit is a putative class action brought against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), which alleges that Defendants did not pay overtime wages to Plaintiff Rene Orlando Lopez ("Lopez") or other putative class members who worked more than 40 hours per week restoring cabinets, doors, and floors.[2]

The complaint in this matter was filed on November 24, 2015.[3] On January 15, 2016, Defendants filed the instant motion seeking to enforce a Separation and Release Agreement ("Agreement") allegedly entered into between Defendants and Plaintiff, as well as to dismiss

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 1.

[3] *Id.*

1

Plaintiff's collective action claims under Rule 12(b)(6) based on his alleged lack of standing to bring suit.[4] Plaintiff filed an opposition on January 26, 2016.[5] On February 3, 2016, with leave of Court, Defendants filed a reply.[6]

## II. Parties' Arguments

### A.   *Defendants' Arguments in Support of Motion to Enforce Agreement and Dismiss Collective Claims*

In their motion, Defendants contend that Plaintiff lacks standing and a right of action to bring claims pursuant to the FLSA based on his settlement of the allegations in his complaint under the Agreement he entered with Defendants at the end of his employment with Southern Arch.[7] According to Defendants, on August 25, 2015, Lopez was discharged from working for Southern Arch, and was presented with a severance agreement entitled "Separation and Release Agreement," which Lopez reviewed, agreed to and signed.[8] Defendants argue that they offered Lopez $500 for his agreement to release his claims related to his work with Southern Arch, as well as other provisions such as non-disclosure, non-disparagement, and protection of trade secrets.[9]

Defendants assert that the Agreement signed by Plaintiff specifically releases and discharges Southern Arch from claims "including but not limited to matters dealing with Employee's employment or termination of employment with the Company" and that the "release

---

[4] Rec. Doc. 8.

[5] Rec. Doc. 10.

[6] Rec. Doc. 17.

[7] Rec. Doc. 8-1 at 1.

[8] *Id.*

[9] *Id.* at 2.

and discharges includes, but is not limited to claims arising under federal" law.[10] Furthermore, Defendants aver, Lopez "promise[d] never to file a lawsuit," and they urge the Court to enforce the Agreement by dismissing with prejudice Plaintiff's complaint.[11]

Finally, Defendants argue that Plaintiff's collective action claims should be dismissed because Lopez must have standing in order to bring a potential class claim.[12] According to Defendants, the Supreme Court held in *Genesis Healthcare Corp. v. Symczyk* that because the defendants had made an offer of judgment under Federal Rule of Civil Procedure 68, such offer satisfied and mooted the individually named plaintiff's claim, and therefore the plaintiff did not have standing to bring the collective action.[13] Likewise, Defendants contend, here they have a settlement and release agreement with Lopez specifically releasing all employment-related claims, and therefore he lacks standing to bring either an individual claim or a collective action on behalf of other claimants.[14]

### B.   *Plaintiff's Arguments in Opposition to Motion to Dismiss*

In opposition, Lopez alleges that Defendants' motion is invalid pursuant to recent Fifth Circuit case law.[15] Plaintiff argues that the release that he signed does not prevent him from bringing FLSA claims because it is not an effective waiver of his claims, as FLSA waivers in

---

[10] *Id.*

[11] *Id.*

[12] *Id.* at 3 (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013)).

[13] *Id.* (citing *Symczyk*, 133 S. Ct. at 1523).

[14] *Id.*

[15] Rec. Doc. 10 at 1.

private agreements are subject to specific standards that the Agreement did not meet.[16] According to Plaintiff, FLSA claims generally cannot be waived.[17] Plaintiff argues that the Fifth Circuit has carved out just one exception to the general rule against waivers in two recent cases—*Martin v. Spring Break '84 Productions LLC*[18] and *Bodle v. TXL Mortgage Co.*[19]—and that this case does not fit within the exception.[20]

According to Lopez, in *Martin*, a group of unionized workers sought to recover unpaid overtime from an association of movie producers.[21] Lopez contends that the workers filed suit under the FLSA while, at the same time, their union was settling their FLSA claims pursuant to a collective bargaining agreement.[22] Lopez avers that the union settled the FLSA claims and the workers received their settlement checks prior to any judgment in the FLSA lawsuit, and the district court then granted summary judgment against the workers, finding that the union's prior settlement released the defendants from FLSA liability.[23] According to Lopez, the Fifth Circuit affirmed the district court's decision, holding that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due."[24] Plaintiff asserts that the Fifth Circuit explained that where the parties specifically

---

[16] *Id.*

[17] *Id.* (citing *Bodle v. TXL Mortgage Corp.*, 788 F.3d 159, 162 (5th Cir. 2015)).

[18] 688 F.3d 247, 249 (5th Cir. 2012).

[19] *Bodle*, 788 F.3d at 159.

[20] Rec. Doc. 10 at 2.

[21] *Id.* (citing *Martin*, 688 F.3d at 250).

[22] *Id.* (citing *Martin*, 688 F.3d at 249–50).

[23] *Id.* at 3.

[24] *Id.* (quoting *Martin*, 688 F.3d at 255).

contemplate overtime claims, including hours worked and the amounts owed for those hours, a waiver of those claims may be enforceable, in contrast to waivers with boilerplate releases that are "a compromise of guaranteed FLSA substantive rights themselves" and have no binding effect on future overtime claims.[25]

Lopez asserts that the Fifth Circuit revisited the FLSA waiver exception in 2015 in *Bodle v. TXL Mortgage Corp.*[26] According to Plaintiff, in *Bodle*, the district court dismissed the plaintiffs' FLSA overtime claims because the plaintiffs signed releases with the defendants prior to bringing their FLSA lawsuit.[27] There, Lopez claims, the releases were executed in connection with an earlier state court action involving violations of a non-compete agreement and unpaid commissions, and the defendants contended that the releases waived FLSA claims as well because they included language releasing the defendants from all claims that in any way arose from the plaintiffs' employment.[28] However, Plaintiff argues, the Fifth Circuit reversed the district court and held that the releases did not waive the FLSA claims because the prior state court action did not involve the FLSA, the parties never discussed overtime compensation or the FLSA in their settlement negotiations, and there was no factual development of the number of unpaid overtime hours nor of compensation due for unpaid time.[29] Plaintiff argues that other Fifth Circuit cases

---

[25] *Id.* (quoting *Martin*, 688 F.3d at 255).

[26] *Id.* (citing 788 F.3d 159 (5th Cir. 2015)).

[27] *Id.* at 3–4.

[28] *Id.* at 4.

[29] *Id.*

similarly hold that generic, broad releases of the plaintiffs' subsequent FLSA claims are not binding in the absence of factual development regarding unpaid overtime claims.[30]

In this case, Plaintiff contends, the waiver executed by Lopez is even less related to the FLSA than the waiver involved in *Bodle*.[31] Plaintiff argues that Lopez merely signed the Agreement after discontinuing his employment, and therefore it is not even similar to the wage-related release that the *Bodle* court struck down as insufficient.[32] Instead, Plaintiff claims, the Agreement is the exact type of document prohibited by *Martin*: a complete abrogation of Lopez's FLSA rights.[33] According to Lopez, the Agreement makes no mention of overtime claims, hours, or wage amounts, does not compute or allege overtime hours worked to which the release applies, and does not refer or stipulate to any dispute about overtime wages.[34] Furthermore, Lopez alleges, nothing in the record shows that such a dispute was considered in the Agreement.[35] Therefore, Plaintiff argues, because FLSA claims cannot be waived except in narrow circumstances, and such circumstances do not exist in this case, the Agreement is not a valid waiver of Lopez's FLSA claims and the motion should be denied.[36]

**C.    Defendants' Arguments in Further Support of Motion to Dismiss**

In reply, Defendants argue that Plaintiff overlooks the difference between a "waiver" and

---

[30] *Id.* at 5.

[31] *Id.*

[32] *Id.* at 6.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.* at 7.

a "release and settlement of a bona fide dispute."[37] Defendants aver that they agree that an employee cannot waive his rights under the FLSA when a waiver is a release of an unknown wage and/or uncontemplated wage claim.[38] Defendants contend, however, that here Lopez's rights were not waived or bargained away, but rather were validated through settlement of a bona fide dispute.[39] Defendants argue that Plaintiff accepted and was compensated for such a dispute under the Agreement in compliance with the Fifth Circuit's decision in *Martin*.[40]

Defendants assert that the disputed settlement agreement in *Martin* was very similar to the Agreement in this matter, and in fact the instant Agreement provides that it is a resolution of disputed claims of pay and compensation.[41] Defendants argue that the Agreement states that the "employee acknowledges and agrees that he is entitled to receive no other payments, benefits or compensation . . . ."[42] Therefore, Defendants contend, Plaintiff's reliance on *Bodle* is incorrect, as *Bodle* focused on a release that was entered into by the parties of a state court non-compete action, not one regarding wages.[43] Here, Defendants argue, Plaintiff and Defendants were not settling other litigation, but rather Defendants were specifically requesting that Plaintiff release his rights related to his complaints and Defendants' issues with Plaintiff's work schedule and pay.[44]

---

[37] Rec. Doc. 17 at 1.

[38] *Id.*

[39] *Id.* (citing *Martin v. Spring Break '84 Productions, L.L.C.*, 688 F.3d 247 (5th Cir. 2012)).

[40] *Id.* at 1–2.

[41] *Id.* at 2.

[42] *Id.*

[43] *Id.*

[44] *Id.*

According to Defendants, the Agreement's statement that Plaintiff is entitled to receive "no other compensation" proves their point.[45]

Defendants aver that courts in this circuit have held that specific reference to the FLSA does not have to be stated in the release, but rather the release must resolve a bona fide dispute.[46] Here, Defendants contend, Plaintiff entered into a release to settle his disputes and potential litigation with Defendants over compensation, and a settlement "when fairly arrived at and properly entered into [is] generally viewed as binding, final and as conclusive of rights as a judgment."[47] Defendants argue that a party who freely settles a demand with his employer cannot, at a later date, sue on the same action merely because the employee grows dissatisfied with the settlement payment.[48] According to Defendants, Lopez's opposition is misplaced because he did not waive his rights under the FLSA or bargain them away, but rather freely entered into an agreement to resolve disputes regarding wages, accepted $500 for his agreement, agreed that no other compensation was owed, and agreed not to bring this action.[49] Defendants argue that this is the type of agreement the Fifth Circuit permits to release claims under the FLSA, and therefore Plaintiff's case should be dismissed.[50]

---

[45] *Id.*

[46] *Id.* (citing *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 633 (W.D. Tex. 2005); *Brown v. Orleans Par. Sch. Bd.*, No. 89-3842, 1990 WL 17359, at *2 (E.D. La. Feb. 20, 1990)).

[47] *Id.* at 3 (quoting *Thomas v. Louisiana*, 534 F.2d 613, 615 (5th Cir. 1976)).

[48] *Id.* (citing *Strozier v. Gen. Motors Corp.*, 635 F.2d 424, 426 (5th Cir. 1981)).

[49] *Id.* at 3–4.

[50] *Id.* at 4.

## III. Law and Analysis

### A.     Legal Standard

Since at least 1945, the United States Supreme Court has refused to enforce private settlements of employees' FLSA claims, reasoning that Congressional concerns regarding unequal bargaining power between employers and employees requires the invalidation of attempted settlements where there is no "bonda fide dispute" as to liability,[51] or where the "bona fide dispute" is limited to the legal question of coverage under the Act.[52] The Supreme Court left open, however, whether parties could privately settle FLSA claims when "there existed a 'bona fide dispute,' not as to legal coverage, but as to the factual 'hours worked or the regular rate of employment.'"[53]

In answering that question, "many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited."[54] The Fifth Circuit too recognizes that, as a "general rule," FLSA claims cannot be waived through a private agreement, but it has created a limited exception for certain private settlements if they are "reached due to a bona fide FLSA dispute over hours worked or compensation owed."[55] In the Fifth Circuit, when there is a "bona fide factual dispute," a plaintiff does not contravene FLSA

---

[51] *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945).

[52] *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

[53] *Bryant v. United Furniture Indus., Inc.*, No. 13- 246, 2016 WL 2904909, at *2 (N.D. Miss. May 18, 2016) (quoting *Gangi*, 328 U.S. at 114–15).

[54] *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Taylor v. Progress Energy, Inc*., 493 F.3d 454, 460 (4th Cir. 2007)).

[55] *Id.*; *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012).

policy by bargaining away his entitlement to compensation and liquidated damages because he "receive[s] compensation for the disputed hours."[56]

The Fifth Circuit has weighed in on the "bona fide dispute" standard in just two recent cases: *Martin v. Spring Break '83 Productions, L.L.C.*[57] and *Bodle v. TXL Mortgage Corp.*[58] In *Martin*, the Fifth Circuit held that a district court could enforce a settlement agreement where the union employees' representative settled FLSA claims on their behalf pursuant to a collective bargaining agreement prior to the resolution of the same claims in federal court.[59] The Fifth Circuit enforced the settlement, reasoning that the representative had investigated the employees' wage claims, received conflicting information from various sources, and concluded that it would be impossible to determine whether the plaintiffs worked on the days they had claimed, and accordingly there was a "bona fide dispute" as to the hours worked and the settlement of such claims was enforceable.[60]

By contrast, in *Bodle*, the Fifth Circuit declined to enforce a settlement agreement where an employer settled nine state law causes of action arising from non-compete and non-solicitation of client provisions in its employees' contracts.[61] After the employees privately settled their dispute and signed agreements releasing "all actual or potential claims, demands, actions, causes of action, and liabilities of any kind or nature" against their former employer, they subsequently

---

[56] *Bodle*, 788 F.3d at 164.

[57] *Martin*, 688 F.3d at 247.

[58] *Bodle*, 788 F.3d at 164.

[59] *Martin*, 688 F.3d at 249–54.

[60] *Id.* at 255–57.

[61] *Bodle*, 788 F.3d at 161–62.

filed an FLSA overtime suit in federal court.[62] The Fifth Circuit, however, held that their suit was not barred because there was no "bona fide dispute" over hours worked or compensation owed arising from the state court settlement agreement, no mention of overtime compensation or the FLSA in the parties' settlement negotiations, and thus no factual development of the number of unpaid overtime hours nor compensation due for unpaid overtime, and thus the purported waiver of the plaintiffs' FLSA claims was ineffective.[63]

**B.    *Analysis***

When evaluating whether settlements purporting to waive or release claims pursuant to the FLSA may be enforced, courts look to evidence in the records before them to see whether the settlements resolved "bona fide disputes" regarding the number of allegedly unpaid hours or compensation due at the time that payment was received.[64] By contrast, here, the only document or evidence before the Court is the language of the Agreement itself, which Defendants contend clearly resolved a bona fide dispute because it includes broad, boilerplate language stating that Lopez has released all claims "arising under federal, state and local statutory or common law . . ." and because Lopez acknowledged that "he is entitled to receive no other payments, benefits, or compensation" from Defendants besides his $500 settlement.[65]

Tellingly, however, despite Defendants' attempts to draw a distinction between a "release" and a "waiver" for purposes of FLSA settlements—a distinction Defendants do not cite any case

---

[62] *Id.* at 161.

[63] *Id.* at 165.

[64] *See, e.g., id.*; *Martin*, 688 F.3d at 253; *Bryant v. United Furniture Indus., Inc.*, No. 13-246, 2016 WL 2904909, at *4 (N.D. Miss. May 18, 2016); *Dyson v. Stuart Petroleum Testers, Inc.*, No. 15-CV-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016).

[65] Rec. Doc. 8-2 at 1.

law to explain[66]—Defendants admit that employees cannot waive their rights under the FLSA when such waivers are "a release of an unknown wage and/or uncontemplated wage claim."[67] Defendants assert, citing only the broad language of the Agreement, that "[t]hat is not the case here" because Plaintiff's rights were validated through settlement of a bona fide dispute.[68] However, Defendants admit in their own motion that Defendants routinely "simply offer this Agreement to workers separating from Southern Arch to protect the company's interests."[69] Indeed, Defendants do not explain in any further detail what, if any, dispute they had with Lopez regarding the hours he worked, the wages he was paid, or any other fact relating to a possible FLSA claim.

By contrast, in *Martin*, upon which Defendants rely and the only Fifth Circuit case allowing an exception to the general prohibition against waivers (or releases) of FLSA claims, the court relied not only on the language of the settlement agreement, as Defendants urge the Court to do here, but considered the existence of a bona fide dispute as evidenced by the union representative's investigation into the dispute and conflicting information received from various sources.[70] The Fifth Circuit concluded that because the investigation revealed that it would be impossible to determine whether or not the employees worked on the days they claimed they had worked in their grievance, the settlement of such claims resolved a bona fide dispute and allowed the court to

---

[66] Indeed, *Bodle* discussed the settlement agreement at issue in that case as a "release of future claims" and ultimately found it to be barred by the "general prohibition against FLSA waivers." *Bodle*, 788 F.3d at 164–65.

[67] Rec. Doc. 17 at 1.

[68] *Id.*

[69] Rec. Doc. 8-1 at 2.

[70] *Martin*, 688 F.3d at 255.

enforce that agreement.[71] Here, not only do Defendants allege no facts from which the Court could conclude that a bona fide dispute arose, was negotiated, and eventually was resolved regarding the number of hours Lopez worked or the pay he received, Defendants even admit that the Agreement in question is simply offered to workers who leave Southern Arch to shield the company from liability.[72] As such, the Court cannot conclude based on the record before it that the Agreement signed by Lopez resolved a bona fide dispute regarding any FLSA claim that Lopez may bring, and as such, the Court will not dismiss Lopez's claims in this matter. Accordingly, the Court similarly declines to find that Plaintiff lacks standing to represent other putative class members, as Plaintiff remains a party to this case and therefore Defendants' argument that Plaintiff cannot represent collective claims once his own claim has been dismissed is inapplicable.

## IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Enforce Release Agreement and Rule 12(b)(6)/Rule 12(c) Motion to Dismiss"[73] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this <u>5th</u> day of July, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[71] *Id.*

[72] Rec. Doc. 8-1 at 2.

[73] Rec. Doc. 8.