UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RENE ORLANDO LOPEZ | * | CIVIL ACTION NO. 15-6302 |
| VERSUS | * | JUDGE NANNETTE JOLIVETTE BROWN |
| SOUTHERN ARCH, LLC, ET AL. | * | |
| | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |

******************************************

## ORDER

Before the Court is the Motion for Contempt and Sanctions filed by plaintiff Rene Orlando Lopez. (Rec. Doc. 40). The Motion was set for hearing with oral argument on September 14, 2016. Defendants' opposition memorandum was due on September 6, 2016, pursuant to Local Rule 7.5E. No opposition was filed.

Plaintiff seeks an order of contempt and sanctions because Defendants have not complied with this Court's July 27, 2016 Order requiring Defendants' to supplement their discovery response within fourteen days. (Rec. Doc. 37). The defendants had not filed a memorandum in opposition to the motion to compel underlying the July 27, 2016 Order.

The day following the issuance of the July 27, 2016 Order, Defendants' counsel moved to withdraw as counsel. (Rec. Doc. 38). The District Court granted the Motion on August 16, 2016, and ordered that defendant Gary Hess could proceed pro se, but that defendant Southern Arch, LLC, could not. (Rec. Doc. 42). Indeed, as the District Court pointed out, a limited liability company like Southern Arch, LLC, cannot proceed pro se. (Id.). Southern Arch, LLC, has not yet enrolled counsel. Gary Hess is proceeding pro se.

"If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. Proc. 37(b)(2)(A). Possible sanctions include treating the failure as

1

contempt of court. Id. In addition or instead of one of the sanctions enumerated in Rule 37(b)(2)(A), the court may order "the disobedient party, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id. R. 37(b)(2)(C).

The July 27, 2016 Order is a valid discovery order of the Court that required the Defendants to respond to Lopez's discovery requests. Lopez represents that Defendants have not complied with it. The Defendants have not opposed Lopez's motion, and so the Court takes this representation to be correct. Lopez asks the Court to hold Defendants in contempt and to order Defendants to pay its attorney's fees. However, because the timing of Defendants' withdrawal of counsel may have played a role in Defendants' failure to comply with the Court's July 27, 2016, Order, the Court declines to order monetary sanctions at this time. Instead, this Court orders that Defendants comply with this Court's July 27, 2016, Order by producing the requested discovery responses within fourteen days. If the Defendants continue to disobey this Court's orders, the Court will be inclined to award sanctions as it is authorized to do under Rule 37(b)(2).

IT IS HEREBY ORDERED the Motion for Contempt and Sanctions (Rec. Doc. 40) is GRANTED in part and DENIED in part; to the extent Defendants have not already done so, they shall provide responses to Plaintiff's discovery requests within fourteen days.

Oral argument set for September14, 2016 is cancelled.

New Orleans, Louisiana, this  12th day of September, 2016.

_____
JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE